

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

July 26, 1947

Hon. Paul H. Brown,
Secretary of State,
Austin, Texas

Attention:
Hon. Kirk R. Mallory,
Assistant Secretary
of State

Opinion No. V-317

Re: Eligibility for reg-
istration as a trade-
mark of the word "Nip".

Dear Sir:

Your request for an opinion by this depart-
ment upon the above subject matter is as follows:

"An application for registration
of trademark, etc., under Article 851,
V.A.C.S., has been recently filed in
this office. The trademark sought to
be registered is the word "Nip". No
design or form of lettering was submit-
ted in connection with this application.

"This office decided, as a matter
of fact, that this word is a word in com-
mon usage, and refused to register said
trademark, relying upon Attorney General's
Opinion No. 0-1583, and others, wherein it
is stated, 'Words or phrases in common use
are common property of the people, and are
not subject to exclusive appropriation of
the user,' citing cases.

"It has been the practice of this
office for several years not to register
words in common usage by themselves, as a
trademark, upon authority of your Opinion
No. 0-1583.

"The question is, should this office
register a word in common usage, namely,
'Nip' as a trademark, in the absence of any
design, form of lettering, etc."

Article 851, Vernon's Civil Statutes, insofar as pertinent, is as follows:

"Every person, association or union of working men, incorporated or unincorporated, that has heretofore or shall hereafter adopt a label, trademark, design, device, imprint or form of advertisement, shall file the same in the Office of the Secretary of State by leaving two facsimile copies with the Secretary of State, and said Secretary shall return to such person, association or union so filing the same, one of said facsimile copies along with and attached to a duly attested certificate of the filing of same, for which he shall receive a fee of $1.00. . . ."

No facsimile copy of the proposed trademark accompanies your request; neither is there anything whatever shown beyond the mere fact that the word "Nip" is presented for certification as a trademark. This is not enough. There must be some element of originality or individuality of use.

A reading of the statute quoted makes clear that its purpose is to authorize the certification by the Secretary of State of only a visible something previously adopted by the applicant in connection with some character of trade, commerce, or business activity. There is nothing in the statute authorizing the adoption of any word as such. The right is limited to "a label, trademark, design, device, imprint or form of advertisement." No mere word generally, therefore, can come within the scope of the statute. It is true that a word may be of such mechanical form, design, setting, or association with other things, or of such proprietary use, as to come within the statute. If this construction were not true, it could follow that all "catchy" words of our language could be exclusively appropriated to private use. The Legislature never contemplated a thing of that kind.

We are not to be understood as holding that the word "Nip" may not become a part of a registrable trade name if the manner of its use is such as to bring it within the terms of the statute. But the exclusive

unlimited use of the word by one is not a thing to be granted by the State.

## SUMMARY

The word "Nip", standing alone, is not subject to certification as a trade-mark under Article 851, Vernon's Civil Statutes.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Ocie Speer*

Ocie Speer
Assistant

OS:wb

APPROVED:

*Price Daniel*

ATTORNEY GENERAL